FRANCISCA GARCÍA APONTE, ETC., ET AL., Plaintiffs and Appellants, *v.* REGISTRAR OF PROPERTY OF SAN JUAN ET AL., Defendants and Appellees.

No. 6967. Argued March 13, 1936.—Decided February 26, 1937.

*L. Santiago Carmona* for appellants. *B. Fernández García, Attorney General,* and *T. Torres Pérez, Assistant Attorney General,* for appellee registrar. *Manuel Cruz Orta* for appellee Lugo.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a case where the registrar of property refused to accede to a certain petition of appellants. The registrar was of the opinion that any corrections of his records that could be made would need the action of the district court. Accordingly the appellants filed a suit against the registrar of property. The District Court of San Juan was of the opinion that the only remedy of the appellants was an administrative appeal to this court and cited the case of *Meléndez*

*et al.* v. *Cuchí, Registrar of Property,* 15 P.R.R. 641. That case only held that a mandamus would not lie against a registrar for refusing to record a judgment, because there existed a plain and adequate remedy in the ordinary course of the law, to wit, an administrative appeal. We did not hold that an extraordinary remedy was exclusive of an ordinary remedy; nor did we hold that an administrative appeal is to be preferred to an ordinary suit in a district court. Quite the contrary is true where corrections are to be made in the registry of property either for defects that are apparent in the registry or otherwise. We have always been of the opinion that, as a general rule, anything that might be done by an administrative appeal in the way of correcting the records in the registry might be reached in a suit between the parties themselves or by one of them against the registrar. In a proper case, persons with adverse interests, if known, should be included as parties.

In this case the appellants were the owners of a second mortgage credit on a piece of property and of a first mortgage credit on a house built thereon, if the facts of the complaint are to be taken as true. The debtor fell under the jurisdiction of the Federal Court by reason of his bankruptcy. The referee in bankruptcy ordered the sale of the mortgaged premises free of all liens and the property was thus sold. It was only then, according to the complaint, that the plaintiffs were notified of the proposed confirmation of the sale. They complain that they had no notice of the original proceedings for the sale of the property. The sale was confirmed and the referee ordered the cancellation of the mortgages referred to in this case, which order was duly recorded. Then, the appellants asked the registrar to reinstate on the registry books their mortgage credits.

We are of the opinion that the facts should be investigated by the district court and, unless other adequate defenses are presented, the parties should be given an opportunity to have the records corrected.

We have some doubts with the appellants whether the proceeding in the Federal Court was complete if the appellants were not notified of the sale before it took place, as indicated by the appellants in their brief. We also have some doubts as to the proceeding in the Federal Court by which this property was sold or attempted to be sold.

The judgment appealed from will be reversed and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.